**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| RACHEL LAKE and UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) ) | No. 2:25-cv-02613-SHL-atc |
| Defendants. | ) ) | |

**ORDER GRANTING PENNYMAC LOAN SERVICES, LLC'S MOTION TO SET ASIDE
DISMISSAL OF COMPLAINT AND JUDGMENT**

Plaintiff PennyMac Loan Services, LLC, requests that the Court set aside the dismissal and judgment entered in March 2026 for failure to prosecute. (ECF No. 25.) The Court dismissed PennyMac's action because it obtained several extensions of time to serve Defendant Rachel Lake, and in early March, the record did not indicate that it had timely served her. (ECF No. 23.) PennyMac invokes Federal Rule of Civil Procedure 60(b)(6) and argues that it had Lake personally served on March 2, 2026. (ECF No. 25 at PageID 115.) For the reasons stated herein, PennyMac's Motion is **GRANTED**.

PennyMac brought this foreclosure action after Defendant Rachel Lake allegedly defaulted on her loan, which was assigned to PennyMac and secured with real property located in Lauderdale County, Tennessee. (See generally ECF No. 1.) After storms in Lauderdale County and the Federal Emergency Management Agency's ("FEMA") declaration that the county was a disaster area, PennyMac obtained an "emergency" hold on the property. (ECF Nos. 9; 12 at PageID 64.) This hold prevented PennyMac's lawsuit for judicial foreclosure from proceeding for at least 120 days. (ECF No. 12 at PageID 64.) The Court granted PennyMac a

120-day abatement of proceedings in this matter so that Lake may seek out loss mitigation options. (ECF No. 12 at PageID 64.) Thereafter, PennyMac's service deadline was December 17, 2025.

PennyMac failed to effectuate service within that deadline. By Motion filed a day late on December 18, 2025, Pennymac sought a forty-five-day extension of the service deadline, citing delays caused by the "prolonged intake and processing timelines" of the Lauderdale County Sheriff's Office. (ECF No. 17 at PageID 91.) That is, PennyMac had initiated service of process through the Sheriff's Office in November 2025, and had not received an update about service by mid-December. The Court granted the motion, so PennyMac then had to serve Defendants by February 2, 2026. (ECF No. 19 at PageID 97.)

Because of winter storms in west Tennessee in January 2026, PennyMac sought another extension of time to finalize service on Lake. (ECF No. 20.) The Court granted that request on February 5, extending PennyMac's service deadline to March 4, 2026. (ECF No. 21.) No proof of service or other notice was filed by PennyMac by that date. Therefore, on March 11, the Court dismissed the Complaint for failure to prosecute and entered judgment closing this matter the next day. (ECF Nos. 23, 24.)

PennyMac cites Federal Rule 60(b)(6) in seeking to set aside the dismissal order and judgment. "Rule 60(b) provides grounds for relief from a final judgment for enumerated reasons." Smiley v. Haynes, 2017 U.S. Dist. LEXIS 141581, at *3 (W.D. Tenn. Sep. 1, 2017). Under the catch-all provision in Rule 60(b)(6), a court may grant a party relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th

Cir. 2008).  A district court's discretion to grant relief from a judgment under Rule 60(b) "is circumscribed by public policy favoring finality of judgments and termination of litigation." Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007) (citation modified).

Rule 60(b)(6) applies only in exceptional or extraordinary circumstances "where principles of equity mandate relief."  Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) (emphasis omitted); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 393 (1993) (internal quotation marks omitted) (stating that rule applies to "extraordinary circumstances suggesting that the [moving] party is faultless").  A litigant seeking relief under Rule 60(b)(6) must also file their motion within a "reasonable" time.  Olle, 910 F.2d at 365. Whether a motion was filed within a reasonable time, "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief."  Id.

In support of its Motion, PennyMac asserts that it complied with the Court's order to serve Lake by March 4, 2026, because it engaged the services of a process server company, which in turn engaged the services of the Lauderdale County Sheriff.  (ECF No. 25 at PageID 114.)  PennyMac states that it was "informed that Defendant Rachel Lake was personally served with process on March 2."  (Id.)  It avers that it was unable to provide proof of service by March 4 because it had not yet received such proof—in fact, it continued following up with the Sheriff's Office and received proof of service after the filing of the motion.  (See ECF No. 26-1 at PageID 124–26.)  PennyMac asserts that dismissal occurred at an early stage, that failure to file proof of service was not its fault, and that Defendants would not be prejudiced by setting aside dismissal.

Applying the Rule 60(b)(6) standard, PennyMac has shown that extraordinary circumstances exist here, starting with an extension of time, continuing with winter storms, and ending with the Sheriff's Office finally serving Lake on March 2. Although PennyMac's decision to use a process serving company that then enlisted the services of another is questionable, PennyMac complied with the deadline set by the Court's order. Further, it appears that its failure to timely obtain proof of service occurred through little, if any, fault of its own[1]. Moreover, Lake was apprised of this action, and the United States has likely not expended significant resources preparing for this matter. Because PennyMac presents clear and convincing evidence that it complied with the service order, dismissal for failure to prosecute should be set aside, and PennyMac's Motion is **GRANTED**. Because this action is reopened, Defendant Lake has **twenty-one days** from the entry of this Order to file an answer or response to the Complaint.

**IT IS SO ORDERED,** this 11th day of May, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] However, PennyMac could have filed a notice on the docket, explaining that service has been effectuated, even though the return had not yet been received. Doing so would have saved time for the Court and PennyMac.