**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC,<br>Plaintiff,<br>v.<br><br>RACHEL LAKE,<br>Defendant. | ) | No. 2:25-cv-02613-SHL-atc |

**ORDER DISMISSING CASE FOR**
**LACK OF SUBJECT MATTER JURISDICTION**

Before the Court is Plaintiff PennyMac Loan Services, LLC's Response to this Court's Order to Show Cause. Previously, PennyMac was order to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 33.) That Order raised questions as to whether PennyMac's Complaint adequately established subject matter jurisdiction. (Id. at PageID 231–32.) In response, PennyMac asserts that 28 U.S.C. § 2410 confers federal courts with subject matter jurisdiction and applies in this case. (ECF No. 34 at PageID 234.) However, the Court disagrees.

For the reasons explained below, Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Additionally, Plaintiff's Motion for Default Judgment is **DISMISSED AS MOOT**.

## BACKGROUND[1]

American Financial Network loaned Defendant Rachel Lake a sum of money. (ECF No. 1-1 at PageID 8.) Lake also executed a note promising to pay American Financial Network $211,105.00 plus interest. (Id.) Lake executed a Deed of Trust, securing the Note with real property located in Ripley, Tennessee. (ECF No. 1 at PageID 3.) American Financial Network later assigned the note to Plaintiff. (Id.) Additionally, Plaintiff is the record assignee of the Deed of Trust. (Id.) Lake failed to pay the amounts due under the loan, despite Plaintiff's demands for payment. (Id. at PageID 4.) Plaintiff notified Lake of her default and contends that Lake's continued breach has caused it damage in the form of the unpaid amounts and its fees and expenses to enforce the loan. (Id.) Plaintiff sued Lake on June 17, 2025. (ECF No. 1.) Summons was issued for Lake on September 30, 2025, and she was served with process on March 2, 2026. (ECF No. 15; ECF No. 26-1.) Because Lake never responded to the Complaint, default was entered against her. (ECF No. 29.)

## ANALYSIS

The sheer number of cases that are eerily similar to this one is astounding. In most, if not all, of them, a commercial lender sues a homeowner in default, for either breach of contract or judicial foreclosure, attaches an agency of the U.S., and asserts that 28 U.S.C. § 2410 is a proper basis for subject matter jurisdiction. Then, the court goes digging, uncovers that the lender's assertion is incorrect, and dismisses the case for lack of subject matter jurisdiction. Nonetheless, PennyMac steadfastly maintains that subject matter jurisdiction exists here. (ECF No. 1 at PageID 2.)

---

[1] These facts are taken from the Complaint and accepted as true at this stage. See Houston v. Houston, No. 21-1656, 2022 WL 3452473, at *1 (6th Cir. June 1, 2022) (per curiam) (citation omitted).

Federal law permits the United States to be named as a party in certain types of cases. For example:

> Under the conditions prescribed in this section and section 1444,[2] the United Staters may be a named party in any civil action or suit in any district court, or in any State court have jurisdiction of the subject matter-- (1) to quiet title to, (2) to foreclose a mortgage or other lien upon, (3) to partition, (4) to condemn, or (5) of interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a mortgage of other lien.

28 U.S.C. § 2410(a). This statute, "by its terms, . . . does two things: it prescribes the circumstances in which the United States consents to be sued, and it permits the United States to be joined as a party in such suits." CitiMortgage, Inc. v. Walker, No. 1:25-cv-00116-RAH-CWB, 2026 WL 1984253, at *1 (M.D. Ala. July 9, 2026). The statute does not, by its plain text, appear to confer federal courts with subject matter jurisdiction.

PennyMac points to several authorities that, it asserts, support a reading of § 2410 as a jurisdiction-conferring statute. According to PennyMac, the United States Supreme Court has interpreted § 2410 to create a cause of action against the government. (ECF No. 34 at PageID 235 (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 317 n.4 (2005)).) But "Grable can be easily distinguished." PennyMac Loan Servs., LLC, v. Williamson, No. 3:25-cv-280, 2026 WL 2731341, at *2 (E.D. Tenn. Sep. 16, 2026) (citing Servis One, Inc. v. Brown, No. 5:25-CV-00228 (CAR), 2026 WL 852010, at *3–4 (M.D. Ga. Mar. 27, 2026)). To be sure, Grable, refers to § 2410 as providing a "right of action," albeit in passing and in a footnote. 545 U.S. at 317 n.4. But even still, "the existence of a cause of action and the existence of subject-matter jurisdiction are distinct questions; a statute may create or recognize a

[2] 28 U.S.C. § 1444 states that "[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."

right to sue without enlarging the jurisdiction of the federal courts." CitiMortgage, 2026 WL 1984253, at *2.

PennyMac's reliance on Grable is otherwise inapposite. Unlike PennyMac's case, Grable dealt with "a quiet title claim premised upon an issue of federal tax law." PennyMac, 2026 WL 2731341, at *2 (quoting Servis One, 2026 WL 852010, at *3–4). Additionally, "the original jurisdiction of the district court was not at issue in Grable," making it "whole distinguishable" from PennyMac's case. Servis One, 2026 WL 852010, at *3. Finally, the isolated statement about § 2410 is dictum. See CitiMortgage, 2026 WL 1984253, at *2 (referring to Grable's statement about § 2410 as dictum); Servis One, Inc., 2026 WL 852010, at *3 (same); PennyMac, 2026 WL 2731341, at *2 (same).

The other authorities PennyMac offers fare no better. One is a two-paragraph per curiam opinion that, like Grable, makes a passing reference to § 2410 without analyzing it. See Bradford v. U.S. Dep't of Agric., Urb. Dev., 606 F. App'x 259, 260 (5th Cir. 2015) (Mem.). Another case PennyMac offers also briefly refers to § 2410, without meaningfully interpreting it or holding that it provides subject matter jurisdiction. Echols v. United States, 368 F. App'x 595, 598 (5th Cir. 2010) (discussing how § 2410 removes sovereign immunity and affirming district court's dismissal based on subject matter jurisdiction).

The final authority PennyMac presents seems to imply that a party could invoke subject matter jurisdiction under § 2410. See Lewis v. Hunt, 492 U.S. 565, 572 (5th Cir. 2007) ("[I]f the complaint or pleading . . . fails to satisfy the conditions necessary to waive the sovereign immunity of the United States and invoke federal jurisdiction.") (emphasis added). However, as several courts have highlighted, Lewis's reference to invoking federal jurisdiction was "an outlier" that was "couched in a larger discussion of sovereign immunity." AmeriHome Mortg.

Co., LLC v. Guin, — F. Supp. 3d —, 2026 WL 2945617, at *12 (E.D. Tex. Sep. 30, 2026); Lakeview Loan Servicing, LLC v. Garcia, NO. 4:25-CV-00907-SDJ-BD, 2026 WL 3056796, at *11 (E.D. Tex. Oct. 8, 2026) (same); see also id. (pointing to Lewis's "observation that the 'only apparent purpose' of § 2410 was to waive sovereign immunity") (citation omitted).

These authorities, especially on an issue as critical as subject matter jurisdiction, just don't cut the mustard. And every other authority this Court is aware of has interpreted § 2410 to not confer subject matter jurisdiction. See, e.g., Planet Home Lending LLC v. Meek, No. 1:26-cv-56, 2026 WL 3151508, at *2 (E.D. Tenn. Oct. 21, 2026) ("The Court agrees with the several district and circuit courts that have concluded that 'Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction.'") (citation omitted); PennyMac, 2026 WL 2731341, at *2. As such, and based on the other authorities highlighted in this Court's show cause order, § 2410 does not confer subject matter jurisdiction in this case. (See ECF No. 33 at PageID 231–32 (collecting cases).)

Finally, PennyMac's Response to the show cause order does not address its earlier assertion that its claims "involve[] the interpretation and enforcement of federal laws governing HUD's lien rights," thus implicating federal question jurisdiction. (ECF No. 1 at PageID 2.) The show cause order was explicit in directing PennyMac to explain why this case should not be dismissed for lack of subject matter jurisdiction. This Court declines to make PennyMac's argument for it. See Sapia v. Bd. of Educ. of City of Chicago, 329 F.R.D. 585, 587 (N.D. Ill. 2019) ("Courts do not sit to make arguments for a party that the party, itself, did not make.").

Therefore, for the reasons outlined above, PennyMac's Complaint is **DISMISSED WITHOUT PREJUDICE**. Further, PennyMac's Motion for Default Judgment is **DENIED AS**

**MOOT**. This Court discourages PennyMac from offering the same unsupported legal positions in future cases before it.

**IT IS SO ORDERED**, this 2nd day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE